Mosley v. City of Rochester

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Greta E. Mosley,

> *Plaintiff-Appellant*,

> v.                                                                        13-270

City of Rochester, Joseph Mustico,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT**:** | Greta E. Mosley, *pro se*, Rochester, NY (Christina A. Agola, Christina A. Agola, PLLC, Brighton, NY, filed a brief on behalf of Appellant before being relieved). |
| FOR DEFENDANTS-APPELLEES**:** | Spencer Lee Ash, *for* Robert J. Bergin, Corporation Counsel, City of Rochester, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Greta Mosley, proceeding *pro se*, appeals from a December 18, 2012 judgment of the U.S. District Court for the Western District of New York (Telesca, *J.*), which granted summary judgment to Defendants-Appellees the City of Rochester and Joseph Mustico on Mosley's claims for unlawful employment discrimination on the basis of race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–301. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues presented for review.

We review a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences in favor of the non-moving party. *See Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We analyze employment discrimination claims brought pursuant to Title VII, § 1981, and the NYSHRL under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Under that framework, if a plaintiff puts forth a prima facie case of discrimination and the defendant then provides a nondiscriminatory justification for its actions, the burden shifts back to

2

the plaintiff to show that the proffered justification is pretextual. *McDonnel Douglas*, 411 U.S. at 802–04.

In this case, we conclude that Mosley has failed to show that the defendants' proffered nondiscriminatory justification for Mosley's termination was pretextual, for substantially the reasons stated by the district court in its well-reasoned decision and order dated December 17, 2012. *See Mosley v. City of Rochester*, No. 10-CV-6415, 2012 WL 6569400 (W.D.N.Y. Dec. 17, 2012). Mosley was laid off when her position, along with a dozen others, was eliminated as part of a cost-saving consolidation of three City departments, which was ordered by the mayor and implemented by the three department heads and a thirteen-member subcommittee. The terminated employees were of various races, and all, including Mosley, were placed on a preferred list for open positions at or below their current salaries. The record contains no evidence from which a reasonable jury could find that Mosley was treated differently as a result of her race or was targeted for termination as a result of her alleged prior complaint of discrimination.

We have considered all of Mosley's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3